IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 19- 103-UNA |
| | ) | |
| KIMBERLY SPONAUGLE, | ) | |
| | ) | |
| Defendant. | ) | |

REDACTED

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

*Background*

1. At all times relevant to this Indictment, Kimberly Sponaugle ("SPONAUGLE") was employed by COMPANY A, located in Newark, Delaware. SPONAUGLE was initially hired in 2005 as an office manager, and was promoted to director in 2010. SPONAUGLE remained a director of COMPANY A until her termination on or about March 9, 2018.

2. In the course of her employment, SPONAUGLE was provided with a corporate credit card. From 2012 – 2014, SPONAUGLE's corporate credit card number ended in digits 2434. From 2014 – 2018, SPONAUGLE's corporate credit card number ended in digits 0349. SPONAUGLE was authorized to use her corporate credit card to make certain business purchases.

3. SPONAUGLE also had responsibilities associated with the maintenance of COMPANY A's finances. In particular, SPONAUGLE oversaw entries into COMPANY A's financial accounting system.

*Scheme and Artifice to Defraud*

4. Beginning on or about January 23, 2012, and continuing through on or about March 12, 2018, SPONAUGLE engaged in a scheme and artifice to defraud COMPANY A whereby SPONAUGLE would, without authorization, use her corporate credit card to make personal purchases. These personal purchases included, for example, vacations, jewelry, limousine services, and personal charitable contributions.

5. It was further part of the scheme and artifice to defraud that SPONAUGLE would, without authorization, use funds from COMPANY A's bank account to pay the credit card bills associated with these personal purchases.

6. It was further part of the scheme and artifice to defraud that SPONAUGLE disguised the amounts of her personal purchases in COMPANY A's financial accounting system by recording inaccurate, lower expenditures from her corporate credit card and falsely inflating records of COMPANY A's other expenditures.

7. Between in or around January 2012 and in or around March 2018, SPONAUGLE engaged in over 2,100 personal, unauthorized transactions on her corporate credit card. These transactions totaled approximately $322,652.00.

*Charging Paragraph*

8. From on or about January 23, 2012 to March 12, 2018, in the District of Delaware, KIMBERLY SPONAUGLE, defendant herein, having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs 1 through 7 above, incorporated herein by reference, and for the purposes of executing such scheme and artifice to defraud and for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, did

2

knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce, as set forth below, electronic funds transfer requests from COMPANY A's corporate bank account, a TD Bank account ending in digits 3273, to pay for personal purchases SPONAUGLE made using her corporate credit cards ending in digits 2434 and 0349. These electronic transfers include, but are not limited to, the following:

- A November 13, 2013, electronic funds transfer request from COMPANY A's TD Bank account ending in digits 3273 to repay charges on SPONAUGLE's corporate credit card ending in digits 2434;

- A January 29, 2014, electronic funds transfer request from COMPANY A's TD Bank account ending in digits 3273 to repay charges on SPONAUGLE's corporate credit card ending in digits 2434;

- A January 26, 2015, electronic funds transfer request from COMPANY A's TD Bank account ending in digits 3273 to repay charges on SPONAUGLE's corporate credit card ending in digits 0349;

- A June 2, 2016, electronic funds transfer request from COMPANY A's TD Bank account ending in digits 3273 to repay charges on SPONAUGLE's corporate credit card ending in digits 0349;

- A July 10, 2017, electronic funds transfer request from COMPANY A's TD Bank account ending in digits 3273 to repay charges on SPONAUGLE's corporate credit card ending in digits 0349; and

- A January 31, 2018, electronic funds transfer request from COMPANY A's TD Bank account ending in digits 3273 to repay charges on SPONAUGLE's corporate credit card ending in digits 0349.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

9. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

10. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count One of this Indictment, the defendant, KIMBERLY SPONAUGLE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, $322,652.00.

11. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

_____
Foreperson

DAVID C. WEISS
United States Attorney

BY: _____
Carly A. Hudson
Assistant United States Attorney

Dated: August 15, 2019

5