

# U.S. Department of Justice

*United States Attorney*
*District of Delaware*

*Hercules Building*
*1313 N. Market Street*
*P. O. Box 2046*  *(302) 573-6277*
*Wilmington, Delaware  19899-2046*  *FAX (302) 573-6220*

December 2, 2021

<u>**VIA CM/ECF**</u>

The Honorable Leonard P. Stark
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:   <u>*United States v. Sponaugle*, **Criminal Case No. 19-103-LPS**</u>

Dear Judge Stark,

    The government writes to notify the Court in advance of an objection it intends to make at trial. At the Pretrial Conference, defense counsel, Mr. Malik, indicated that he intended to question doctors from All About Women, the victim in this case, about whether they appropriately completed certain trainings or materials submitted to professional boards or insurance companies. Reference to witnesses' practices related to certifications and licensure is inadmissible under Federal Rule of Evidence 608, and has little probative value that is far outweighed by its potential to confuse the jury.

    Information about the process for completing licensure and certification requirements is not relevant to the current case. *See* Fed. R. Evid. 401. Thus, absent a specific exception under the Federal Rules of Evidence, it should not be admitted. Fed. R. Evid. 402. No such exception exists.

    As discussed in the government's previously filed Omnibus Motion in Limine (Docket Item 73), cross-examination about specific instances of conduct (otherwise irrelevant to the case) is permitted only if it is "probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b)(1). This rule is in place "to avoid 'mini-trials' and jury confusion stemming from introduction of collateral matters," *United Sates v. Hurst*, 185 F. App'x 133, 137 (3d Cir. 2006) (*citing Carter v. Hewitt*, 617 F.2d 961, 971 (3d Cir. 1980)), and to avoid "prosecution of the witness" by "shifting the emphasis from the accused person [ ] on trial to the witness." *United States v. Trant*, 924 F.3d 83, 91 (3d Cir. 2019) (*quoting United States v. Estell*, 539 F.2d 697, 699-700 (10th Cir. 1976) (alterations in original).

    Cross-examination about the process for completing medical, board, insurance, or hospital requirements does not bear on a witness' characters for truthfulness or untruthfulness. The process

used to take a test, even when that conduct evidences a "serious lack of judgment" does "not amount to specific conduct probative of untruthfulness." *See United States v. Massimino*, 641 F. App'x 153, 165-66 (3d Cir. 2016) (prohibiting introduction of evidence under F.R.E. 608 that law enforcement witnesses had consulted an answer key while taking an FBI test). Similarly, the process used by a witness to complete online certifications or licensure requirements is not probative of a witness's untruthfulness.

Even if the Court were to determine that the evidence were probative of truthfulness or untruthfulness, any limited probative value would be substantially outweighed by the danger of unfair prejudice and confusing the jury. *See* Fed. R. Evid. 403. To have any probative value, the jury would have to understand medical licensure and certification requirements, the process through which doctors gain and renew that certification, and the differences between types of certifications – those required by the American Medical Association, medical boards, insurance providers, and hospital systems. Explaining these complicated matters and the ensuing confusion to a jury far outweighs any probative value to be gained by discussing the requirements.

The government intends to object to such a line of questioning at trial and is also prepared to discuss the issue with the Court prior to such cross-examination. The government expects that the first witness who may be cross-examined on the topic will be called during the afternoon of the first day of the government's case-in-chief.

Respectfully Submitted,

DAVID C. WEISS
United States Attorney

By: */s/ Ruth Mandelbaum*
Carly A. Hudson
Ruth Mandelbaum
Assistant United States Attorneys

cc: Counsel of Record (via CM/ECF)